# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**12-1441**


**MARILYN MOSLEY-HAGGERTY**

**VERSUS**

**ALLSTATE INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. C-20102971
## HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\***


## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.


**AFFIRMED.**


James Kirk Piccione
Brenda Sibille Piccione
P.O. Box 3029
Lafayette, LA 70502
(337) 233-9030
**ATTORNEY FOR PLAINTIFF/APPELLANT**
   Marilyn Mosley-Haggerty

F. Paul Leger
Law Offices of Harold G. Toscano
400 East Kaliste Saloom Rd., Suite 8300
Lafayette, LA 70508
(337) 291-1743
**ATTORNEY FOR DEFENDANTS/APPELLEES**
   Mary Grace Breaux and Allstate Insurance Company

**COOKS, Judge.**

In this case, Plaintiff, Marilyn Mosley-Haggerty, appeals as inadequate the trial court's award of damages for injuries she sustained as a result of an automobile accident. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On May 22, 2009, Plaintiff was driving her Toyota Highlander in a southerly direction on Ambassador Caffery Parkway in Lafayette. At the area in question, there was ongoing construction which necessitated that all traffic proceeding southward merge into one lane. Mary Grace Breaux, who was driving her Dodge Ram truck, allowed Plaintiff to merge in front of her. Shortly after doing so, Ms. Breaux rear-ended Plaintiff. Ms. Breaux was solely at fault in causing the accident; and Allstate Insurance Company, her insurer, paid Plaintiff's property damage claim.

Neither party was taken to the hospital immediately after the accident. Plaintiff alleged she suffered soreness and pain shortly after the accident, with radiating pain down her arm, leg and back of her head. She stated she began having headaches and the pain intensified in the days following the accident. Plaintiff testified her symptoms continued for seven to eight months after the accident.

Plaintiff was seen by Dr. Brad Grizzaffi, a chiropractor, who had treated her since 2006. Dr. Grizzaffi testified Plaintiff suffered an exacerbation of a chronic neck condition which he attributed to the May 22, 2009 automobile accident.

Plaintiff filed a personal injury suit against Ms. Breaux and Allstate. As liability had been admitted by Defendants, the only issue at trial was the amount of damages due. After a bench trial on the merits, the trial court rendered judgment awarding Plaintiff $5,000.00 in general damages and $6,054.00 in medical

expenses. The trial court issued reasons for ruling, which set forth the basis for its ruling:

> Ms. Haggerty was treated only by her chiropractor, Dr. Brad Grizzaffi. She was first seen by him following the accident on May 25, 2009. (It is unclear whether this was a previously scheduled visit or whether this visit was necessitated by the accident.) Dr. Grizzaffi's deposition was admitted at trial in lieu of his live testimony. In his deposition, he diagnosed Ms. Haggerty with an exacerbation of a chronic neck condition which he relates to the May 22, 2009 automobile accident. Dr. Grizzaffi first treated Ms. Haggerty in 2006 for two months and had been treating her on a regular basis since May 2008, for symptoms similar to those she suffered following this accident.

> Plaintiff and Defendant each submitted medical records from Dr. Grizzaffi regarding Ms. Haggerty's treatment. It causes this Court great concern that these records give conflicting information regarding Ms. Haggerty's condition following this accident.

> The records submitted by the Defendants as Exhibit D2 date back to May 2008. These records indicate that Ms. Haggerty was treated by Dr. Grizzaffi on 71 occasions from May to December 2008; and on 35 occasions from January 2009 to May 18, 2009. The records from May 18, 2009 (four days prior to the accident) state that Ms. Haggerty is scheduled for recurring visits on a weekly basis. The records on May 18, 2009, indicate the following:

> SUBJECTIVE COMPLAINTS:
>> The patient complained of minimal neck pain. This is mildly improved over her last visit. Marilyn also reported minimal upper back pain, minimal pain in the right upper arm, very mild neck pain on the right and minimal low back pain. The upper back pain is unchanged from the last visit, the pain in the right upper arm is a slight worsening of the condition since the last visit, the neck pain on the right is mildly improved over her last visit and the low back pain is unchanged from the last visit.

> The records presented by the Defendant from the visit on May 25, 2009 indicate the following:

> SUBJECTIVE COMPLAINTS:
>> The patient reported minimal neck pain and minimal upper back pain. The neck pain is no different than the last visit and the upper back pain is unchanged from the last visit. The patient also related symptoms of minimal pain in the right upper arm; no different from the last visit. Marilyn also described symptoms of minimal neck pain on the right and minimal low back pain. The neck pain on the right is a little worse since

her previous visit and the low back pain is no different unchanged from the last visit.

The Defendants' records from Dr. Grizzaffi are in direct contrast to those records presented by the Plaintiff. The Plaintiff's records from Dr. Grizzaffi begin on May 25, 2009, with a "new patient examination", which provides:

NEW PATIENT EXAM FINDING FROM May 25, 2009:

The patient complained of moderately severe intermittent headaches at the back of the head and minimal restricted lower back motion on the right side. The patient complained of severe neck stiffness on both sides and severe neck pain on the right. The patient also reported symptoms of very severe stiffness of upper back bilaterally and severe mid back stiffness bilaterally. Marilyn also described symptoms of severe pain in upper back on the right, severe right upper arm pain, acute restricted motion of right shoulder and acute right shoulder pain. This patient described symptoms of acute shoulder soreness and mild lower back muscle spasms on both sides. Marilyn also reported moderate lower back tenderness on the right side. The patient also expressed indications of moderate pain in the right leg.

The Plaintiff's records further state, "It should be noted that her condition was stable prior to the accident on May 22, 2009. However, since the accident there is a noted exacerbation of her prior symptoms as well as new conditions that have developed." There is no mention of the accident in Defendant's records which simply provide, "The patient's condition is responding satisfactorily." The plaintiff submitted bills from Dr. Grizzaffi for eight months of treatment in the amount of $12,108.00.

The defendant, Ms. Breaux, admits to causing this accident, thus, liability is not at issue. Dr. Grizzaffi related Ms. Haggerty's complaints to this accident and testified that her symptoms were exacerbated by the accident. However, with regard to the extent of damages, the conflicting information in the two sets of medical records casts a cloud on the evidence presented. If this Court is to believe the records submitted by the Defendants, Ms. Haggerty's complaints were no different on the visit following the accident than on those prior to the accident. If this Court is to believe the records submitted by the Plaintiffs, Ms. Haggerty's condition significantly worsened immediately following this accident.

This Court historically has never decided damages based on the severity of physical damage to vehicles. However, in this case, taking into account the conflicting medicals and the prior treatment to the plaintiff, this Court feels compelled to reduce plaintiff's claims. Unfortunately, the chiropractor was not present in court to explain the discrepancy of the reports for the May 25, 2009 visit and the significance of the similarities of complaints before the accident and the seven months thereafter.

4

Taking these matters into account, the Court awards medical bills of $6,054.00, and pain and suffering in the amount of $5,000.00, together with interest from date of judicial interest.

Plaintiff has appealed, contending "the trial court is manifestly erroneous in its calculation of the award to the plaintiff and [the award] constitutes an abuse of discretion."

## ANALYSIS

The law is well established the determination of "[w]hether an accident caused a person's injuries is a question of fact which should not be reversed on appeal absent manifest error." *Housley v. Cerise*, 579 So.2d 973, 979 (La.1991) (citing *Mart v. Hill*, 505 So.2d 1120 (La.1987)). An appellate court may not set aside a finding of fact by a trial court or a jury unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even if the appellate court feels its own evaluations and inferences are as reasonable. *Lirette v. State Farm Ins. Co.*, 563 So.2d 850, 852 (La.1990); *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

For Plaintiff to prevail in this appeal, she must show that the record, viewed in its entirety, provides no reasonable basis for the trial court to disregard portions of Dr. Grizzaffi's expert testimony.

A review of Dr. Grizzaffi's deposition testimony reveals it contradicts his certified non-accident treatment records of Plaintiff. As noted by the trial court, the May 25, 2009 non-accident record does not even reference the accident in question, and refers to neck, right arm, upper and lower back complaints that were no different than her prior (pre-accident) visit. Dr. Grizzaffi testified in his deposition that Plaintiff did not return to pre-accident condition until seven or eight months after the accident. However, Dr. Grizzaffi's August 31, 2009 report says he had "*just finished* the treatment for Marilyn on an account associated with a

5

motor vehicle accident of the last three months. . . [and] will transition her back into the wellness care program at this time." We find the conflicts in the medical evidence provided a reasonable basis for the trial court to seriously question and discount the deposition testimony of Dr. Grizzaffi as to the relationship of the medical treatment provided to Plaintiff and the accident in question.

The trial court specifically noted "the conflicting information in the two sets of medical records casts a cloud on the evidence presented." It also lamented the fact that Dr. Grizzaffi was not presented at trial to "explain the discrepancy of the reports for the May 25, 2009 visit and the significance of the similarities of complaints before the accident and the seven months thereafter."

Plaintiff notes in her brief that "[i]n hindsight, given the concerns addressed by the trial court in its reasons for ruling, the inconsistent records should have been fully explored." However, her failure to do so places this court in an untenable position with regard to Plaintiff's request to increase the trial court's award of damages. The trial court clearly did not find the conflicts in the medical evidence to be "small" and "inconsequential" as Plaintiff describes them in brief. Moreover, we cannot say the trial court's view of the evidence was not permissible. The records presented by Defendant clearly show the complaints four days before the accident are nearly identical to the complaints made three days following the accident. Coupled with Plaintiff's denial of any injury at the scene of the accident, and the fact there was little, if any, visible damage to Plaintiff's vehicle from the accident, we cannot say the trial court's refusal to award all the damages requested by Plaintiff was an abuse of discretion.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Plaintiff-Appellant.

**AFFIRMED.**

6